UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lori Chavez-Deremer, Secretary of Labor,[1]<br><br>  Plaintiff,<br><br>v.<br><br>BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota,<br><br>  Defendant. | No. 24-cv-99 (JRT/DLM)<br><br>**PROTECTIVE ORDER** |

Pursuant to the parties' Stipulation (Doc. 72), the Court enters the following Protective Order:

**1.   Definitions.**  As used in this protective order:

(a)   "Attorney" means an attorney who has appeared in this action;

(b)   "Confidential Document(s)" means a document designated as confidential under this protective order;

(c)   to "Destroy" electronically stored information means to delete from all databases, applications, and file systems so that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert;

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Labor Lori Chavez-DeRemer is automatically substituted as Plaintiff in this action.

(d) "Document" means information disclosed or produced in discovery, including at a deposition;

(e) "HIPAA" means the Health Insurance Portability and Accountability Act of 1996, as amended by the Health Information Technology for Economic and Clinical Health Act (HITECH Act), including all applicable regulations issued by the Secretary of the United States Department of Health and Human Services, including specifically 45 C.F.R. § 164.512(e)(1), as amended;

(f) "Notice" or "Notify" means written notice;

(g) "Party" or "Parties" means a party or the parties to this action, respectively;

(h) "PHI" shall have the same scope as "protected health information" as that term is used in HIPAA and as defined in 45 C.F.R. § 160.103;

(i) "Protected Document" means a Document protected by a privilege or the work-product doctrine;

(j) "Written Assurance" means an executed sworn declaration in the form referenced in paragraph 3(b)(6)(B) below.

2. **Designating a Document or Deposition as Confidential.**

(a) A Party or non-party disclosing or producing a Document may designate it as confidential if the Party or non-party contends in good faith that it contains confidential or proprietary information. A Party or non-party disclosing or producing a Document may also designate it as Confidential-PHI if the Party or non-party contends in good faith that it contains PHI.

2

(b) A Party or non-party may designate a Document as Confidential or Confidential-PHI by conspicuously marking each page with the word "Confidential" or "Confidential-PHI."

(c) Deposition testimony may be designated as confidential:

    (1) on the record at the deposition; or

    (2) after the deposition, by promptly Notifying the Parties and those who were present at the deposition.

(d) If a witness is expected to testify as to confidential or proprietary information, a Party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive Confidential Documents.

(e) If a non-party produces a Document not designated as confidential but a Party contends in good faith that the Document contains confidential or proprietary information, a Party may, within 30 days of receiving the Document, reproduce the Document with a "Confidential" or "Confidential-PHI" designation.

3. **Who May Receive a Confidential Document.**

(a) A Confidential Document may be used only in this action, subject to paragraph 10(a).

(b) No person receiving a Confidential Document may reveal it, except to:

    (1) the court and its staff;

(2) an attorney or an attorney's partner, associate, or other support staff, vendors, and contractors employed or retained by the following organizations:

    (A) The United States Department of Labor;

    (B) Miller & Chevalier Chartered;

    (C) Bassford Remele; and

    (D) BCBSM, Inc., d/b/a Blue Cross and Blue Shield of Minnesota.

(3) a person shown on the face of the Confidential Document to have authored or received it;

(4) a court reporter or videographer retained in connection with this action;

(5) a Party; and

(6) any person or entity not otherwise listed in paragraph 3(b) who:

    (A) is retained to assist a Party or attorney with this action; and

    (B) signs a Written Assurance that contains the person's name, address, employer, and title, and that is in substantially this form:

> I have read, and agree to be bound by, the protective order in the case captioned *Chavez-DeRemer v. BCBSM, Inc.*, 24-cv-00099 (JRT-DLM) in the United States District Court for the District of Minnesota. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any Confidential Document that I received, any copy of or excerpt from a Confidential Document, and any

>>notes or other Document that contains information from a Confidential Document.
>>
>>I declare under penalty of perjury that the foregoing is true and correct.
>
>(c) If a Confidential Document is revealed to someone not entitled to receive it, the Parties must make reasonable efforts to retrieve it.

4. **Serving This Protective Order on a Non-Party.** A Party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of Local Rule 5.6. For all subpoenas a Party may have served after this action was served and before entry of the protective order, the Party also will send to the non-party to whom it served a subpoena a copy of this protective order and of Local Rule 5.6., and consistent with paragraph 2(e), the Parties may designate the non-party's Documents as Confidential, if not done so by the non-party.

5. **Correcting an Error in Designation.** A Party or non-party who discloses or produces a Confidential Document not designated as confidential may, within 7 days after discovering the error, provide Notice of the error and produce a copy of the Document designated as Confidential or Confidential-PHI.

6. **Use of a Confidential Document in Court.**

   (a) Filing. This protective order does not authorize the filing of any Document under seal. A Confidential Document may be filed only in accordance with LR 5.6.

   (b) Presentation at a hearing or trial. A Party intending to present another Party's or a non-party's Confidential Document at a hearing or trial must promptly

5

      Notify the other Party or the non-party so that the other Party or the non-party may seek relief from the court.

7. **Changing a Confidential Document's Designation.**

    (a) Document disclosed or produced by a party. A Confidential Document disclosed or produced by a Party remains confidential unless the Parties agree to change its designation or the Court orders otherwise.

    (b) Document produced by a non-party. A Confidential Document produced by a non-party remains confidential unless the Party or non-party who designated a Document as confidential agrees to change its designation or the Court orders otherwise after providing an opportunity for the Party or non-party who designated a Document as confidential to be heard.

    (c) Changing a designation by court order. A Party who cannot obtain agreement to change a designation may move the Court for an order changing the designation. If the motion affects a Document produced by a non-party then, with respect to the motion, that non-party is entitled to the same Notice and opportunity to be heard as a Party. The Party or non-party who designated a Document as confidential must show that the designation satisfies Fed. R. Civ. P. 26(c).

8. **Handling a Confidential Document after Termination of Litigation.**

    Within 60 days after the termination of this action (including any appeals), each Party must, subject to paragraph 10(c):

       (1)    return or Destroy the other Party's or non-party's Confidential Documents; and

       (2)    Notify the disclosing or producing Party or non-party that it has returned or Destroyed the other Party's or non-party's Confidential Documents within the 60-day period.

(b)    Notwithstanding paragraph 8(a), each Attorney may retain a copy of any Confidential Document for its internal files.

**9.**    **Inadvertent Disclosure or Production to a Party of a Protected Document.**

    (a)    Notice.

       (1)    A Party or non-party who discovers that it has inadvertently disclosed or produced a Protected Document must promptly Notify the receiving Party and describe the basis of the claim of privilege or protection. If the Party or non-party provides such Notice and description, the privilege or protection is not waived.

       (2)    A Party who discovers that it may have received an inadvertently disclosed or produced Protected Document must promptly Notify the disclosing or producing Party or non-party.

    (b)    Handling of Protected Document. A Party who is notified or discovers that it may have received a Protected Document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10.   Compliance with Other Laws.**

(a)   Notwithstanding any other provisions of this protective order, the Department of Labor may, insofar as required by law, disclose to state or other federal governmental agencies, any material within its possession including any Protected Document(s) or Confidential Document(s) covered by this protective order, in which case the Department of Labor agrees to provide a copy of this protective order to the state or other federal governmental agency.

(b)   Notwithstanding any other provisions of this protective order, the Parties recognize and acknowledge that the Department of Labor may be subject to requests calling for the disclosure of material covered by the protective order pursuant to the Freedom of Information Act, 5 U.S.C. § 552, et seq., in which case the Department shall respond to such requests in accordance with applicable law, including the Freedom of Information Act, the related implementing regulations, and the case law interpreting the same.

(c)   Notwithstanding any other provisions of this protective order, the Department of Labor shall maintain and dispose of Protected Documents and Confidential Documents covered by this protective order in accordance with applicable law, including the Federal Records Act, 44 U.S.C. § 3101 et seq., and the Federal Records Disposal Act, 44 U.S.C. § 3301 et seq., and the related implementing regulations.

11. **Security Precautions and Data Breaches.**

Each Party must make reasonable efforts to protect the confidentiality of any Confidential Document disclosed or produced to that party.

(b) A Party who learns of a breach of confidentiality must promptly Notify the disclosing or producing Party or non-party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

12. **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

DATED:  May 6, 2025                           s/Douglas L. Micko
                                              DOUGLAS L. MICKO
                                              United States Magistrate Judge