**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| JULIE A. SU, *Acting Secretary of Labor*, | |
| Plaintiff, | Civil No. 24-99 (JRT/DLM) |
| v. | |
| BCBSM, INC., *d/b/a* Blue Cross and Blue Shield of Minnesota, | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO CERTIFY INTERLOCUTORY APPEAL** |
| Defendant. | |

---

Blair Lane Byrum, Dana Marie Florkowski, and Sarah Karchunas, **UNITED STATES DEPARTMENT OF LABOR**, 200 Constitution Avenue Northwest, Suite N-4611, Washington, DC 20210**,** for Plaintiff.

Anthony F. Shelly and Rebecca Tweedie, **MILLER & CHEVALIER CHARTERED**, 900 Sixteenth Street Northwest, Washington, DC 20006; Danielle W. Fitzsimmons and Kevin P. Hickey, **BASSFORD REMELE**, 100 South Fifth Street, Suite 1500, Minneapolis, MN 55402, for Defendant.

Former Acting Secretary of Labor Julie A. Su ("the Secretary") initiated this action alleging that BCBSM, as a third-party administrator for several self-funded employee health plans, passed along certain tax liabilities in violation of its fiduciary duties. The Court determined that the Secretary had sufficiently alleged that BCBSM was acting as a functional fiduciary when it exercised control over plan assets. BCBSM moved to certify interlocutory appeal to address that finding on fiduciary status. While BCBSM poses a controlling question of law that would materially advance the termination of this

litigation, BCBSM failed to demonstrate a substantial ground for difference of opinion.

Accordingly, the Court will deny BCBSM's motion to certify interlocutory appeal.

## BACKGROUND

Because the Court detailed the factual and procedural history of this litigation in denying BCBSM's motion to dismiss, *Su v. BCBSM, Inc.*, No. 24-99, 2024 WL 3904715, at *1–2 (D. Minn. Aug. 22, 2024), it will only briefly summarize the history relevant to BCBSM's motion to certify interlocutory appeal.

BCBSM is a third-party administrator ("TPA") for several self-funded employee health plans ("the plans") in Minnesota. *Id.* at *1. BCBSM provides the plans access to BSBSM's provider network and negotiated rates and BCBSM administers employee claims for coverage. *Id.* BCBSM acts as a named fiduciary of the plans when deciding whether to approve a claim. *Id.* If BCBSM approves a claim, it pays the negotiated amount to the provider from its own funds. *Id.* The plan must then reimburse BCBSM for claim payments on a weekly basis. *Id.*

The Secretary initiated this action, alleging that BCBSM charged the plans for the tax Minnesota imposes on providers' gross revenues in breach of its fiduciary duties. *Id.* at *1–2.

BCBSM moved to dismiss for lack of standing and for failure to state a claim. *Id.* The Court first determined the Secretary's alleged loss in the amount of $67 million was sufficient to assert standing at the pleadings stage. *Id.* at *2–3. The Court then concluded that, even though BCBSM was not a named fiduciary for the plans, the Secretary had

plausibly alleged BCBSM was acting as a functional fiduciary when it passed on the taxes to the plans because BCBSM was exercising authority over the plans' assets. *Id.* at *4–6. The Court reasoned that when BCBMS paid a claim, plan funds were automatically encumbered, meaning BCBMS was exercising control over plan assets and thus owed duties as a functional fiduciary. *Id.* at *6.

BCBSM now seeks an order certifying the Court's order for immediate appeal. (Def.'s Mot. Certify Order Interlocutory Appeal, Sept. 23, 2024, Docket No. 47.) Specifically, BCBSM moves to certify the question of whether fiduciary duties should be imposed when a TPA "uses its own funds rather than plan money" and is subsequently reimbursed. (*Id.*)

## DISCUSSION

### I.     STANDARD OF REVIEW

The federal courts of appeals have jurisdiction over "all final decisions of the district courts." 28 U.S.C. § 1291. However, a district court may certify in writing an otherwise non-final civil order for interlocutory appeal if the action "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus, a party seeking certification for interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an

immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012) (citation omitted).

While § 1292(b) gives the Court the discretion to certify an order for interlocutory appeal, the statute's legislative history "indicates that it was to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation.  It was not intended merely to provide review of difficult rulings in hard cases." *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).  Therefore, "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (citation omitted).  Indeed, "[i]t has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *Id.* (quotation omitted).

## II.    ANALYSIS

BCBSM asks the Court to certify the question of whether fiduciary duties attach when a TPA uses its own funds, rather than the plans' funds, with a mandatory reimbursement contract in place.  BCBSM poses a controlling question of law that may materially advance the ultimately termination of litigation.  But because BCBSM has failed to demonstrate a substantial ground for difference of opinion, the Court will deny BCBSM's motion to certify interlocutory appeal.

### A.    Controlling Question of Law

The Court must first determine if BCBSM raises a controlling question of law.  *See* 28 U.S.C. § 1292(b).  "A question of law is controlling if reversal of the district court's order would terminate the action, or even if its resolution is quite likely to affect the further course of litigation."  *Varela v. State Farm Mut. Auto. Ins. Co.*, No. 22-970, 2023 WL 5021182, at *3 (D. Minn. Aug. 7, 2023) (quotation omitted).  An issue is a question of law for purposes of § 1292(b) if it is not a matter for the trial court's discretion.  *White*, 43 F.3d at 377.  That is, it cannot be a mixed question of law and fact.  *See Fenton v. Farmers Ins. Exch.*, No. 07-4864, 2010 WL 1006523, at *2 (D. Minn. Mar. 16, 2010) ("In order for the Court to certify an order for an interlocutory appeal, there must be a controlling question of law, not merely a question of fact.") (citation omitted).  This means that "only pure questions of law may be certified for interlocutory appeal.  Mixed questions of law and fact are inappropriate for such a proceeding."  *Minnesota ex rel. N. Pac. Ctr., Inc. v. BNSF Ry. Co.*, No. 08-6385, 2010 WL 11537448, at *2 (D. Minn. Sept. 30, 2010) (internal quotation marks omitted); *see also Varela*, 2023 WL 5021182, at *3 (same).

BCBSM's proposed question is controlling because if the Eighth Circuit reached the opposite conclusion, it would terminate the litigation.  Fiduciary status is required for each of the Secretary's claims, and the Court determined that because BCBSM exercised unfettered control over the plan assets, it acted as a functional fiduciary.  The Court found no other basis to impose fiduciary status on BCBSM.  So, if the Eighth Circuit ruled that

the plan asset organization was insufficient to impose fiduciary status, the only basis for

the Secretary's claims would be nullified and the claims would fail.

The question presented is also one of pure law. Typically, "a determination of

fiduciary status based on function is a mixed question of law and fact." *In re Xcel Energy,*

*Inc. Sec., Derivative & "ERISA" Litig.*, 312 F. Supp. 2d 1165, 1181 (D. Minn. 2004)

(quotation omitted). But in this case, the facts are fixed with respect to BCBSM actions

on plan assets: BCBSM spends its own funds, in lieu of the plan's funds, and then the plan

fully reimburses BCBSM under its contractual obligations. To be sure, there remain other

factual disputes, but the Secretary does not dispute the general billing mechanism. With

that factual background, the remaining question of functional fiduciary status based on

authority over plan assets becomes a pure question of law.

Accordingly, BCBSM has satisfied the first prong by presenting a controlling

question of law.

### B.    Substantial Ground for Difference of Opinion

The Court must next determine if there exists a substantial ground for difference

of opinion on the controlling question of law. 28 U.S.C. § 1292(b). There is substantial

ground for difference of opinion when the party asking for interlocutory appeal has

identified "a sufficient number of conflicting and contradictory opinions [that] provide

substantial ground for disagreement." *White*, 43 F.3d at 378 (quotation omitted).

However, "substantial ground for difference of opinion does not exist merely because

there is a dearth of cases." *Id.*

-6-

BCBSM insists that a substantial difference of opinion exists because several cases have shown that possession of plan assets is a necessary component in ascribing functional fiduciary status. But BCBSM takes a leap in logic not supported by the caselaw. The relevant caselaw imposes fiduciary duties when TPAs directly spend plan assets[1] and declines to impose fiduciary duties when plan authorization is required to disburse plan assets.[2] *Su*, 2024 WL 3904715, at *5. But as BCBSM acknowledges, courts have yet to address this amorphous third option where the TPA pays claims out of its own funds to later be reimbursed under contractual obligations without plan oversight.

On the specific question at issue here, BCBSM is left to rely on conjecture from the First Circuit. In *Massachusetts Laborers'*, the TPA was provided with a working capital amount from which it paid claims. *Mass. Laborers' Health & Welfare Fund v. Blue Cross Blue Shield of Mass.*, No. 21-10523, 2022 WL 952247, at *2 (D. Mass. Mar. 30, 2022). Despite access to that working capital amount, executing any payment required final plan approval of the claims. *Id.* at *15. Under this scenario, the First Circuit hypothesized that if fiduciary duties were imposed on the working capital amount scheme, to avoid those

---

[1] *Hi-Lex Controls, Inc. v. Blue Cross Blue Shield of Mich.*, 751 F.3d 740, 744–47 (6th Cir. 2014) (finding that when a TPA "held plan assets . . . [it] functioned as an ERISA fiduciary"); *Bd. of Trs. of Bricklayers & Allied Craftsmen Loc. 6 of N.J. Wellfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 271, 275 (3d Cir. 2001) (assigning fiduciary status when a TPA "wrote checks[] and disbursed assets from the fund's bank account").

[2] *Mass. Laborers' Health & Welfare Fund v. Blue Cross Blue Shield of Mass.*, 66 F.4th 307, 327 (1st Cir. 2023) (finding no fiduciary status when plan authorization was required prior to making claim payments); *Carolinas Elec. Workers Ret. Plan v. Zenith Am. Sols., Inc.*, 658 F. App'x 966, 971 (11th Cir. 2016) (same).

duties, a TPA may need to adopt a reimbursement scheme similar to BCBSM here.  *Mass. Laborers' Health & Welfare Fund v. Blue Cross Blue Shield of Mass.*, 66 F.4th 307, 329 (1st Cir. 2023) ("TPAs for self-funded plans would perhaps need to pay claims in advance and only later be reimbursed by the plans to avoid becoming functional fiduciaries.").  But the First Circuit was not presented with the question before the Court, and it specifically described its holding as narrow.  *Id.* at 327.  Ultimately, *Massachusetts Laborers'* provides nothing more than pure conjecture about how the First Circuit may decide an issue with which it has yet to be presented.

The only remaining case cited by BCBSM is factually distinct.  In *Chendes*, the defendant provided record keeping services for a plan, and the defendant contracted with a third party to offer investment advice services to plan participants.  *Chendes v. Xerox HR Sols., LLC*, No. 16-13980, 2018 U.S. Dist. LEXIS 116105, at *3 (E.D. Mo. June 25, 2018). As part of the agreement, the third party investment advisor would provide defendant with part of the fees the investment advisor received from the plan participants.  *Id.* at *4.  The *Chendes* court found that arrangement insufficient to confer functional fiduciary status on the defendant because once the plan participants paid the investment advisor, those funds were no longer plan assets, and so the defendant exercised no control or authority over plan assets.  *Id.* at *13–15.  That holding, though, does not even inform the question at issue here, let alone provide a substantial ground for difference of opinion.

Because the only potential basis for a substantial ground for difference of opinion lies in the speculation of the First Circuit, BCBSM has not met its burden on the second prong for immediate interlocutory appeal.

### C.   Materially Advance the Ultimate Termination of Litigation

Because the second element for certification of interlocutory appeal has not been satisfied, the Court need not continue the analysis for the third element.  Nevertheless, it will do so for thoroughness.

The third element requires the party seeking certification of the appeal to show that an immediate appeal may materially advance the ultimate termination of litigation.  *See* 28 U.S.C. § 1292(b).  The Court may find that the third element for interlocutory appeal is met "if there would be a great amount of time and expense required to proceed with litigation in comparison with the time and expense of staying the proceedings and pursuing an immediate appeal."  *Fenton*, 2010 WL 1006523, at *2.

If the Eighth Circuit were to determine that the reimbursement scheme does not impose fiduciary duties, it would materially advance the ultimate termination of litigation.  In fact, it would terminate the litigation.  So, during the appeal, the litigation would be stayed and potentially never resumed, saving time and expense for everyone.  Although BCBSM has met its burden on the final prong, the Court notes that if the Eighth Circuit finds fiduciary duties are imposed, as the Secretary alleges, the case in the District Court will have been delayed for a substantial period.

**CONCLUSION**

BCBSM posed a controlling question of law that would materially advance the ultimate termination of the litigation, but BCBSM failed to demonstrate a substantial ground for difference of opinion on the controlling question of law. Therefore, the Court will deny BCBSM's motion to certify interlocutory appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Certify Interlocutory Appeal [Docket No. 47] is **DENIED**.

DATED: July 21, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge